CASE 22—ACTION OF JAMES E. BROWN AGAINST LEVY BROS, &C., FOR PERSONAL INJURIES—MARCH 29.

# Brown v. Levy, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, EQUITY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    REVERSED.

LIABILITY OF MASTER FOR INJURY TO SERVANT BY NEGLIGENCE OF INCOMPETENT FELLOW SERVANT.

Held:    Where the master has notice of the incompetency of a servant, and promises a fellow servant to remove him and put a competent man in his place, he is liable for an injury thereafter done by the negligence of such incompetent servant to a fellow servant, provided such a time had not elapsed after the promise as to preclude all reasonable expectation that the promise would be kept.

S. F. J. TRABUE AND MATT O'DOHERTY, ATTORNEYS FOR APPELLANT.

1. It is the duty of the master to furnish his servant with proper appliance for the execution of his work, and to associate with *him competent co-employes.*

2. Where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby *within such a period of time after the promise,* as it would be reasonable to allow for its performance; *and the same principle applies to a case where the master promises to discharge an incompetent servant, but fails to do so, and a fellow servant is injured by the acts of the incompetent servant* Shearman & Redfield on Neg. (5 Ed.), sec. 215; Laning v. N. Y. C. R. Co., 49 N. Y., 521; Hough v. Texas Pacific R. R., 100 U. S., 25; Breckinridge Company v. Hicks, 15 Ky. Law Rep., 143.

ZACK PHELPS, ATTORNEY FOR APPELLEE.

1. There is a vast difference between the question of "defective machinery and that of a negligent or inefficient fellow servant." Wood on Master and Servant, chap. 16; Story on Agency (9 Ed.), sec. 453; 2 Thompson on Negligence, chap. 20; 2 Thompson on Negligence, p. 974; O. & M. R. R. v. Colloran, 73 Ind., 261; 5th Am. & Eng. R. R. Cases, 554; Bogenshutz v. Smith, 84 Ky., 336; Kelly v. Barber Asphalt Co., 93 Ky., 364; 11 Bush, p. 81, Sullivan's Admr. v. Lou. Bridge Co.; Hough v. Texas Pacific R. R. Co. 100 U. S., 25.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The appellant brought this action for damages for personal injuries received while in the employ of appellees. It is charged in the petition that appellant was employed to overhaul and repair the elevator in use in appellees' building, and in such employment it was necessary for appellant to have an assistant; that appellees employed as such assistant one Neece; and that by reason of the carelessness and negligence of Neece, while he and appellant were engaged in the repair of the elevator, appellant was injured, and for that injury a recovery is sought. It is alleged as a ground of recovery that in selecting and employing the assistant, Neece, appellees failed to exercise ordinary or any care, and that appellees knew when Neece was employed that he was careless and negligent, yet employed him, and for this negli-

gence in the employment of Neece appellees were liable.
To this petition a demurrer was sustained.  Appellant
filed an amendment, in which it is pleaded "that a short
time before his injuries in his petition set out, becoming
aware of said Harry Neece's unfitness and incompetency,
he (plaintiff) complained thereof to the defendants, gave
them express notice of said Neece's unfitness and incom-
petency for said employment, and said defendants then
and there promised this plaintiff that they would in a
short time thereafter remove said Neece, and associate
with plaintiff in their said service a competent and skill-
ed workman.  Plaintiff says that he relied upon the
promise and assurance so given to him by the defend-
ants, and so remained and was in their service, in reli-
ance upon their said promise and agreement, at the time
of his injury in his petition complained of."  The amend-
ment then reiterates the allegation that he was injured
by the negligence of Neece, and seeks a recovery because
of the negligence of appellees in retaining Neece after the
notice and promise above.  To the petition as amended
a demurrer was sustained, and the petition dismissed.
From that judgment this appeal is prosecuted.  In Wood,
Master & Servant, section 420, it is said:  "Negligence on
the part of the master is not to be presumed from the neg-
ligence of the servant, but, in order to render him liable
for injuries sustained by one servant from the negligence
of another, some sort of negligence on the part of the
master, either in the employment or *retention* of the ser-
vant, must be shown."  (Italics ours.)  Again, section
423:  "The employe must be incompetent, and the master
guilty of negligence in his employment or *retention* [ital-
ics ours], or no liability can be predicated of his acts;
and the same is true if the servant injured has the same

knowledge, or means of knowledge, of his unskillfulness
as the master has." In Shear. & R. Neg. (5th Ed.), sec-
tion 215, it is said: "There is no longer any doubt that,
where a master has expressly promised to repair a defect
the servant does not assume the risk of an injury caused
thereby within such a period of time after the promise
as would be reasonably allowed for its performance,
or, indeed, within any period which would not pre-
clude all reasonable expectation that the promise might
be kept. *And the same principle applies to a case where
the master promises to a servant to discharge an incompetent
fellow servant, but fails to do so, and the former servant is
thereby injured,* or where a servant, apprehending a par-
ticular danger, makes it known to the master, who as-
sures him he will provide against it." (Italics ours.)
The rule as to defective appliances, as stated by Shear-
man & Redfield, has repeatedly been recognized by this
court. Breckinridge Co. v. Hicks, 94 Ky., 362, [22 S. W.,
554], and cases there cited. The reason of the rule is
that while the employe is held to assume the ordinary
risks and hazards of the business in which he is engaged
and this includes ordinary breakages or mishaps, where
a defect is known to the employer, and a promise is given
to the employe to remedy the defect, for the time being—
a reasonable time—the employer is to be held to have
assumed special responsibility for that defect, and, if in-
jury is caused thereby, the employer will be liable, for this
is not one of the risks assumed by the servant, but was
especially assumed by the master. We are of opinion
that the same rule applies to the negligence of a fellow
servant. A servant ordinarily assumes the risks of the
negligence of a fellow, but when the attention of the
master is called to such negligence, and complaint is

made, and the master promises to replace the negligent servant, for the time being—a reasonable time—the master assumes the risk of an injury by reason of the negligence of that servant. A servant can not be held to assume the risk of injury by the negligence of a fellow servant after a complaint of that very thing, and after a promise by the master to remedy the matter or remove the servant, unless the servant complaining were to continue at work with such incompetent servant after such time as would preclude all reasonable expectation that the master's promise would be kept. We are of opinion that the petition as amended states a cause of action under this rule of law. The demurrer thereto should have been overruled. Judgment reversed, and cause remanded for proceedings consistent herewith.